DECISION
Plaintiff appeals Defendant's decision to impose taxes on Plaintiff's property identified as Account 491405 for tax years 2002-03, 2003-04, 2004-05, 2005-06, 2006-07, and 2007-08 due to the discovery of omitted property.
Oral argument was heard on January 19, 2010. Plaintiff was represented by David E. Carmichael, Attorney at Law, David E. Carmichael, LLC. Defendant was represented by Tara Smith, Property Appraiser, Lane County Assessment and Taxation.
 I. STATEMENT OF FACTS
Plaintiff, Tri-Pass Ski Club, an Oregon non-profit corporation, operates a 28 space trailer home retreat on the banks of the Fern Ridge Reservoir in Lane County. Plaintiff leases the entire site from the Bangs Family Farm. In turn, Plaintiff enters into an identical one-year, automatically renewing sub-lease agreement, the "Trailer Site User Agreement," with each of its 28 individual trailer site users/members. The picturesque sites are highly coveted and individuals spend years on a waiting list in hopes acquiring rights to one of the 28 trailer sites.
In addition to the right to place a trailer on their site, members are also permitted to construct non-permanent improvements on their site. All 28 members have erected *Page 2 
improvements on their site in one form or another. Those improvements are substantial and take the form of decks and/or fully finished cabanas that rest on piers that are directly accessible from the trailer.
Defendant assessed eight of Plaintiff's 28 individual site users directly for improvements on their trailer site. The improvements on the remaining 20 sites not assessed to individual site users are the subject of this appeal.
 II. ANALYSIS
A. Statutory Overview
Real property for purposes of taxation includes "[a]ll buildings, improvements, machinery, equipment or fixtures [on] the land. ORS 307.010(1)(b)(B).[1] Generally, real property is assessed as a whole in the name of the owner. However, ORS 308.115 provides an exception for the assessment and taxation of buildings, improvements, or fixtures owned separately from the land on which it stands. Subsection (3) of that statute provides in pertinent part:
 "* * * * whenever any building, structure, improvement, machinery, equipment, or fixture is owned separately and apart from the land or real property whereon it stands or to which it is affixed, such building, structure, improvement, machinery, equipment or fixture shall be assessed and taxed in the name of the owner thereof."
ORS 308.115(3) (emphasis added).
The issue before the court is who owns the improvements that sit on the trailer sites. If Plaintiff is deemed the owner, then Defendant's assessment is proper. On the other hand, if ownership rests with the individual trailer site users, then Defendant's assessment is unlawful. *Page 3 
B. Ownership
The determination of ownership of the improvements is based on the Tri-Pass Site User Agreement, a contract entered into between Plaintiff and each of the 20 individual space renters whose improvements are the subject of this appeal.
The Oregon Supreme Court has laid out three levels of analysis that the court must follow in interpreting a contract. Yogman v.Parrott, 325 Or 358, 361, 937 P2d 1019 (1997). "First, the court examines the text of the disputed provision, in the context of the document as a whole. If the provision is clear, the analysis ends."Id. If the contract terms are ambiguous after examining the text and context of the lease agreement, the court proceeds to the second of the three analytical steps by examining extrinsic evidence to ascertain the intent of the parties and thereby resolving the ambiguity. Id. at 363-64. Finally, if those first two analytical steps fail to resolve the ambiguity, the court proceeds to the third and final step, which is to rely on the maxims of construction. Id. at 364.
The Tri-Pass Trailer Site User Agreement expressly addresses the ownership of trailer site improvements. Provision 6 of that document, entitled "Not a Residence or Dwelling Unit," provides:
 "Member understands that the trailer site shall not be used as a primary residence or a dwelling unit as defined in Oregon Revised Statutes 90.100(3). Member also understands that any breach or default under the conditions of this Agreement may result in termination of membership, and the requirement of Member to remove the trailer, or be subject to removal, under the forcible entry and unlawful detainer procedure under the laws of the state of Oregon. All of the improvements to the site and trailer belong to Member."
(Ptf's Ex 1 at 24 (emphasis added).)
The provision unambiguously declares that ownership of the disputed improvements lies with the individual trailer site user. *Page 4 
Nevertheless, "[a] provision in a lease [assigning ownership] is not conclusive [of ownership], at least for tax purposes, if other indicia of ownership are not present." Shields v. Dept. ofRev., 266 Or 461, 471, 513 P2d 784 (1973) (citation omitted). In this case, there are other indicia of ownership. To begin with, the site lessee is the one who pays for and erects the additional structures. Additionally, Provision 8 of the Tri-Pass Trailer Site User Agreement grants individual trailer site users the right to sell their trailer and improvements. That provision, entitled "Transfer of Site," provides:
 "At any time, Member may relinquish the right to use the site. Member or Member's representative shall notify the President of Tri-Pass of Member's intention to relinquish the site. The President will then notify the Member who is first on the Tri-Pass trailer waiting list ("New User") that a site is available. Member relinquishing the site may sell Member's trailer and improvements to the New User, but Member is bound by the procedures set forth in the Tri-Pass Rules regarding such sale. The New User can reject or accept the site. If the New User rejects the site, they shall remain on the waiting list, without loss of priority, and will be notified when the next site becomes available. The President will then notify the next person on the waiting list that a site is available, until a New User has accepted the site. In the event that all members on the trailer waiting list reject the site, the President will notify Member and Member must, within 14 days, either remove their trailer from Tri-Pass property or determine a new selling price, to be approved by the Board, to be offered through the trailer waiting list again."
(Ptf's Ex 1 at 24-25 (emphasis added).)
The fact that the site user pays for and erects the additional structures, and has the contractual right to sell the trailer and improvements is clear and substantial indicia of ownership of any improvements erected by members on their trailer site. Moreover, nowhere in the various contract documents does Plaintiff reserve or otherwise obtain a right of ownership.
 III. CONCLUSION
The court has reviewed the evidence and applicable law, and concludes that each individual trailer site user owns the disputed improvements erected on their site during the term *Page 5 
of the respective lease. Therefore, Defendant's assessment is contrary to the provisions of ORS 308.115. That being the case, the omitted property assessment is void. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is granted and Defendant's omitted property assessment is void.
Dated this ___ day of February 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon February 11, 2011. The Court filed and entered this documenton February 11, 2011.
[1] References to the Oregon Revised Statutes (ORS) are to the 2007 edition.
 *Page 1